IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

MARTIN BROWN,                          )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )        C. A. No. 07-00617 ***
                                       )
STATE OF DELAWARE,                     )
                                       )
            Defendant.                 )

**STATE OF DELAWARE'S OPENING BRIEF**
**<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**


**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

<u>/s/ Linda M. Carmichael</u>
Linda M. Carmichael, I.D. No. 3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the State of Delaware


DATED:  November 26, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF CITATIONS ............................................................................................ iii

NATURE AND STAGE OF PROCEEDINGS ................................................................1

SUMMARY OF THE ARGUMENT ...............................................................................3

STATEMENT OF FACTS. ............................................................................................4

ARGUMENT .................................................................................................................5

STANDARD OF REVIEW

    a.  Federal Rule of Civil Procedure 12(b)(1) ...........................................5

    b.  Federal Rule of Civil Procedure 12(b)(6) ...........................................5

I.  THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANT, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE.......................................................................7

    a.  The Rooker-Feldman Doctrine bars Plaintiff's claims. ........................7

    b.  The Younger Absention Doctrine bars Plaintiff's claims.....................9

II.  TO THE EXTENT THE COMPLAINT CAN BE CONSTRUED AGAINST THE DELAWARE FAMILY COURT, THE FAMILY COURT IS IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY ....................................................10

    a.  There is no dispute that the Family Court has jurisdiction over Plaintiff's State Court action..............................................................12

    b.  All Judicial officers handling Plaintiff's case were, at all times, acting in their judicial capacity......................................................13

III.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 .......................................14

IV.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OF DELAWARE IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY...........................................................................................14

V.  EVEN IF THE COMPLAINT COULD PROCEED AGAINST THE STATE OF DELAWARE IT WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.......................................15

CONCLUSION.............................................................................................................17

## <u>TABLE OF CITATIONS</u>

*Behr v. Snider,* 900 F.Supp. 719 (E.D.Pa. 1995) .................................................................8

*Bradley v. Fisher*, 80 U.S. 335 (1871) .................................................................10, 11, 12

*Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989) ..............................................................8

*Charchenko v. City of Stillwater,* 47 F.3d 981 (8ᵗʰ Cir. 1995)........................................8

*Conley v. Gibson*, 355 U.S. 41 (1957) .............................................................................6

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) ...............5

*Davis v. Scherer*, 468 U.S. 183 (1984) .............................................................................6

*District of Columbia v. Feldman*, 460 U.S. 462 (1983)...........................................7, 8, 9

*Doe v. Cates*, 499 A.2d 1175 (Del. 1985)........................................................................15

*Edelman v. Jordan*, 415 U.S. 651 (1974) ........................................................................14

*FOCUS v. Allegheny County Ct. of Common Pleas,* 75 F.3d 834 (3d Cir. 1996) ..............8

*Forrester v. White,* 484 U.S. 219 (1988) .............................................................10, 12, 13

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993)...............5

*Gulla v. North Strabane Township*, 146 F.3d 168 (3d Cir. 1998) .....................................8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .....................................................................10

*Hiland Dairy, Inc. v. Kroger Co.*,
      402 F.2d 968 (8ᵗʰ Cir. 1968), *cert. denied*, 395 U.S. 961 (1969)..................................6

*Hunter v. Bryant*, 502 U.S. 224 (1991)............................................................................10

*John v. Barron*, 897 F.2d 1387 (7ᵗʰ Cir. 1990), *cert. denied,* 498 U.S. 821 (1990)...........12

*Keene Corp. v. Cass*, 908 F.2d 293 (8ᵗʰ Cir. 1986)............................................................8

*Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) .......................................................14

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)..................................................5

*Mitchell v. Forsyth,* 472 U.S. 511 (1985) ........................................................................10

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884 (3d Cir. 1977) .............5

*Neeley v. Samis*, 183 F.Supp. 2d 672 (D.Del. 2002)...........................................................15

*Pagano v. Hadley*, 535 F.Supp. 92 (D.Del. 1982) ..............................................................15

*Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960)....6

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)............................15

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).......................................................7, 8, 9

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ..............................................................................6

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) .................................................14

*Schall v. Joyce*, 885 F.2d 101 (3d Cir. 1989).......................................................................9

*Signore v. City of McKeesport, Pa*,
    680 F.Supp. 200 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989) ...........................6

*Stump v. Sparkman*, 435 U.S. 349 (1978)........................................................10, 11, 12, 13

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir.
    1998). .............................................................................................................................6

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)...............................................14

*Winterberg v. CNA Ins. Co.*,
    868 F. Supp. 713 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995).............................5

*Younger v. Harris*, 401 U.S. 37 (1971)................................................................................9

*Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).......................................................................9

## Statutes and Other Authorities

Eleventh Amendment of the United States Constitution ...............................................14, 15

Fourteenth Amendment of the United States Constitution ..................................................5

42 U.S.C. § 1983........................................................................................................11, 14, 15

10 Del.C. § 921 ....................................................................................................................12

10 Del.C. § 1051 ...............................................................................................................12

10 Del.C. § 4001 ...............................................................................................................15

13 Del.C. § 8-301 ..............................................................................................................15

13 Del.C. § 8-302(a)(5).....................................................................................................9, 16

13 Del. C. § 609(b) ...........................................................................................................16

F.R.C.P. 12(b)(1) ..............................................................................................................5

F.R.C.P. 12(b)(6) ..............................................................................................................5

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed suit against the State of Delaware. In his complaint, Plaintiff alleges that the State of Delaware ("Delaware") violated the Fourteenth Amendment of the United States Constitution, purportedly sounding in due process. The Plaintiff's allegations against the State appear to arise out of the Plaintiff's belief that the State wrongfully terminated his right to "KT"[1] and awarded those paternity rights to another man, Richard Edwards.

On the face of the complaint, Plaintiff's claims arise out of the State's recognition of Richard Edwards as the father of KT through a Delaware Voluntary Acknowledgment of Paternity, without genetic testing of the child. Through the complaint, Plaintiff seeks:

(1)    a formal apology from the State of Delaware (Complaint p. 3);

(2)    to make all records concerning KT available to the Plaintiff to assist in the Parentage Determination in the State of Maryland (Complaint p.3);

(3)    any compensatory, punitive or monetary damages deemed appropriate but requests a minimum of $1,000,000.00 per year, for each year since 1994 (Complaint p. 3).

The instant action follows an action filed in the Delaware Family Court[2]. Having received and previously filed a pleading in the Delaware Family Court which has been characterized as a Request for Parentage Determination, Plaintiff now attempts to disguise his claim as a violation of his civil rights. Plaintiff's Request for Parentage Determination is currently pending before the Delaware Family Court as of the filing of this motion.

---

[1] KT is a child, who according to the Plaintiff, now resides in the State of Maryland.
[2] Petition No. CS07-01569.

1

Plaintiff filed the instant complaint on or about October 9, 2007.  The complaint reiterates Plaintiff's grievances about his custody proceedings and his proceedings in the Maryland State Court system.  (D.I. Nos. 1 and 2.)  This is the State's Opening Brief in Support of Its Motion to Dismiss the Complaint, which is filed simultaneously herewith.

## SUMMARY OF THE ARGUMENT

I. THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANT, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE

II. TO THE EXTENT THE COMPLAINT CAN BE CONSTRUED AGAINST THE DELAWARE FAMILY COURT, THE FAMILY COURT IS IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY

III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983

IV. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OF DELAWARE IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY

V. EVEN IF THE COMPLAINT COULD PROCEED AGAINST THE STATE OF DELAWARE IT WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

## STATEMENT OF FACTS

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of Plaintiff's claims at length. Even assuming all facts alleged in Plaintiff's complaint (D.I. No. 1) and Opening Brief (D.I. No. 2) as true, he fails to state a claim upon which this Court has jurisdiction or a claim upon which relief can be granted. The pertinent procedural facts have been set forth in detail at "Nature and Stage of Proceedings."

## ARGUMENT

**STANDARD OF REVIEW**

    **a.**    **Federal Rule of Civil Procedure 12(b)(1)**

        It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e., demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

    **b.**    **Federal Rule of Civil Procedure 12(b)(6)**

        The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the

complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport, Pa*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations as true, he has not invoked the subject matter of this Court and he has failed to state any claim upon which relief could be granted by this Court.

I.    **THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANT, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE.**

Plaintiff, in his Complaint, makes allegations implicating certain federal Constitutional rights. However, his Complaint must nonetheless be dismissed, as the Rooker-Feldman Doctrine bars consideration of any of Plaintiff's claims by this Court.

a.    **The Rooker-Feldman Doctrine bars Plaintiff's claims.**

Plaintiff is abusing the judicial process by attempting to have an unfavorable determination reviewed through new civil litigation against the State of Delaware in the District Court. Simultaneous with this Complaint, Plaintiff filed a Petition for Injunction, which was characterized as a Petition for Parentage Determination in the Delaware Family Court. It is well established that federal district courts do not have jurisdiction to review judgments of a state court. *District of Columbia v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The Rooker-Feldman Doctrine is based on the theory that only the United States Supreme Court has authority to review final state court judgments. *Id.* at 476.

The essence of Plaintiff's claims against the State is that he is dissatisfied with the State's recognition of Richard Edwards' Voluntary Acknowledgment of Paternity of KT. Plaintiff admits that KT's mother and KT reside in the State of Maryland. Further, Plaintiff complains because the State does not have a "Putative Father Registry," did not appoint a Guardian Ad Litem for KT, and that the State does not have the resources to assist a father attempting to gain paternity of a child after a Voluntary Acknowledgment of Paternity or Adoption. Plaintiff claims that the acknowledgement of paternity violated his due process rights and caused him to suffer "defamation of character, humiliation, and

mental anguish."   The Family Court issued an Order on October 18, 2007 dismissing the plaintiff's petition for lack of personal jurisdiction for failure of the plaintiff to provide an address where the respondent, Karen Taylor, could be served. (Attached hereto as Exhibit A).   The Family Court's Order   provided that reinstatement of Plaintiff's petition was possible if he was able to provide a "residence or employment address in Delaware at which it appears likely that respondent may be served."   Id.

The *Rooker-Feldman* Doctrine bars the Plaintiff from submitting the final judgment of a state court to a federal District Court for review.   This Doctrine has also been held to apply even where there has been no "final" judgment in the state court. *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1986) (affirming District Court's dismissal of suit against state court and judge on basis of judicial immunity and *Rooker-Feldman*). The Doctrine explicitly precludes district courts from exercising subject matter jurisdiction over "constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state adjudication."   *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998).   Such a constitutional claim is "inextricably intertwined" with a particular state court decision if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Behr v. Snider*, 900 F.Supp. 719, 724 (E.D. Pa. 1995) (*quoting Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989)).   "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling."   *FOCUS v. Allegheny County Ct. of Comm. Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (*quoting Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Plaintiff, by suing the State, effectively seeks a review of a ruling by the Family Court

and a review of the Acknowledgment of Paternity, which is deemed to be "the equivalent of a judicial adjudication of paternity of the child,"[3] through the instant action. Accordingly, Plaintiff's claims are barred by *Rooker-Feldman*.

      **b.**      **The Younger Absention Doctrine bars Plaintiff's claims.**

The Younger Abstention Doctrine is also applicable to this case insofar as Plaintiff is soliciting this Court to interfere in pending state court litigation.[4] The Supreme Court, in *Younger v. Harris*, 401 U.S. 37 (1971), held that, absent extraordinary circumstances, federal courts must abstain from interfering with pending state criminal prosecutions. The basis for this decision is "the longstanding public policy against federal court interference with state court proceedings." *Id.* at 43. Although *Younger* involved a state criminal case, the national policy has been extended to noncriminal judicial proceedings. *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002).

Abstention is appropriate under *Younger* where "(a) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three prongs have been met in the instant action. The first prong is satisfied in that the Family Court proceeding is judicial in nature and has permitted the Plaintiff ninety (90) days to provide the court with an address in Delaware where the respondent may be served. The second prong is met in that the proceeding implicates the importance of preserving the authority of the state's judicial system. The third prong is also satisfied, as state appellate review is

---

[3] 13 Del. C. § 8-302(a)(5).
[4] Plaintiff asserts that the Family Court's characterization of his Petition for Injunction as a Petition for Paternity Determination "puts at risk another Paternity Determination case currently pending in the State of Maryland. Petition No. T010371." Complaint p. 2. Plaintiff admits that there is pending litigation in the State of Maryland, which would require this Court to abstain from considering Plaintiff's complaint.

available to determine whether the Family Court's ruling violated the Plaintiff's federal constitutional and civil rights.  Because all elements of the *Younger* abstention have been met, the Plaintiff's claims either are barred or should be dismissed.

## II.    TO THE EXTENT THE COMPLAINT CAN BE CONSTRUED AGAINST THE DELAWARE FAMILY COURT, THE FAMILY COURT IS IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY

To the extent that Plaintiff's allegations against the State can be construed as allegations against the Delaware Family Court they are barred by the doctrine of absolute judicial immunity, and his complaint must therefore be dismissed.  Absolute immunity is more than a simple insulation against damages; it is, in fact, an entitlement not to stand trial.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Immunity is defined by the functions it protects and serves (i.e., the judicial process), rather than the title of the defendant.  *Forrester v. White*, 484 U.S. 219, 227-29 (1988).  Immunity issues should be decided as a matter of law at the earliest possible stage of the litigation and, accordingly, may be decided on a motion to dismiss.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The United States Supreme Court, since 1871, has recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, he free to act upon his own convictions, without apprehension of personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  It is simply beyond dispute that a judge is entitled to absolute immunity when performing judicial acts.  *Stump v. Sparkman***,** 435 U.S. 349, 356 (1978).  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function usually performed by a judge, and to the

expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362. The U.S. Supreme Court has held the doctrine of judicial immunity to be applicable to actions filed pursuant to 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

This well-established principle of judicial immunity cannot be avoided simply by crafting allegations of defamation, humiliation, mental anguish or negligence, as the Plaintiff has done here. As the High Court in *Bradley* explained: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly*." *Bradley*, 80 U.S. at 351 (emphasis added).

In 1871, the Supreme Court could have been describing the case at bar when it noted that human nature would often give rise to perceptions of improper conduct in the minds of disgruntled litigants:

> [T]he disappointment occasioned by an adverse decision, often finds vent in imputations of this character, and from the imperfection of human nature this hardly a subject of wonder. If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts, which would be essential to the maintenance of the action.

*Bradley v. Fisher*, 80 U.S. at 348.

These principles remain unchanged in modern Supreme Court jurisprudence, which additionally emphasizes the channels of higher judicial review, which are available to dissatisfied litigants. "Most judicial mistakes or wrongs are open to correction through

ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester*, 484 U.S. 219, 227.

As noted above, Plaintiff has not named a Judge or the Family Court as a Defendant in this case, assuming arguendo that is the Plaintiff's intent by filing an action against the State, the Delaware Family Court judiciary would be entitled to absolute immunity here. A judge is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be taken within the judge's jurisdiction; second, the acts must be performed in the judge's judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (*citing Stump* and *Bradley*). Both prongs of this test are met in this case.

> **a.     There is no dispute that the Family Court has jurisdiction over Plaintiff's State Court action.**

It is well settled that a judge will not be deprived of immunity from liability because the action she took was in error, or in excess of her authority. Rather, a judge will be subject to liability only when she has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. 349, 356 (*citing Bradley*). There is no question of jurisdiction in the underlying paternity determination case from which Plaintiff claims to be aggrieved. The Family Court has exclusive original jurisdiction over Plaintiff's paternity determination case, and the Supreme Court has jurisdiction over an appeal there from. 10 *Del.C.* §921; 10 *Del. C.* § 1051. Plaintiff does not dispute these facts in his complaint. There is no question that the Delaware Judicial Defendants had jurisdiction over the subject matter of the underlying case from which Plaintiff claims to be aggrieved. Accordingly, the first prong of the judicial immunity test is met.

**b.    All Judicial officers handling Plaintiff's cases were, at all times, acting in their judicial capacity.**

Given jurisdiction over the subject matter, absolute immunity will attach if a judge's acts were "judicial acts."  A judicial act is "a function normally performed by a judge, and to the expectations of the parties, *i.e.* whether they dealt with the judge in his judicial capacity."  *Stump*, 435 U.S. 349, 362.  In this case, Plaintiff alludes to errors on the part of the Family Court.  (Complaint).  Plaintiff asserts allegations that pertain solely to acts performed in a Judge's judicial capacity.  It is obvious from the complaint that Plaintiff is alleging that any Family Court Judge was acting in a judicial capacity.

Plaintiff's complaints boil down to his claim that the Family Court erred in their accepting the acknowledgement of paternity and subsequent procedural matters.  The law is clear that error on the part of a jurist will not circumvent judicial immunity.  *Forrester v. White*, 484 U.S. 219, 227.  Error, if any, is a matter to be corrected by the appellate process, not by suing a judge in Federal Court.  In this case, Plaintiff has the ultimate right to appeal a decision of the Family Court to the Delaware Supreme Court.

The law is well settled that clearly erroneous, malicious or even illicit decisions on the part of a judge (and, again, there is no evidence whatsoever of such conduct here) are protected by absolute judicial immunity.  Clearly, all actions taken by any Judge of the Delaware Family Court as the presiding jurist in Plaintiff's case must be considered judicial acts.  Accordingly, such a Judge is protected from suit by the doctrine of judicial immunity.

III.  **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.**

The Plaintiff has named the State as a defendant in this matter.  Obviously, the State of Delaware is not a "person."  *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989).  A State is protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (See Argument IV), infra).

IV.  **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OF DELAWARE IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   Further, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III."  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996).  "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals."  *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000).  "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State

and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D.Del. 2002) (*citing Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984).  The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result.  *Id.*

No such clear intent can be seen in 42 U.S.C. § 1983.  In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity.  The statute facially allows suits only to be brought against "persons."  42 U.S.C. § 1983. Neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C. § 1983.

To the extent plaintiff claims any violations of state laws, the Doctrine of Sovereign Immunity also bars such a claim.  *See Pagano v. Hadley*, 535 F.Supp. 92 (D.Del. 1982).  Sovereign immunity provides that the State and its agencies may not be sued without consent.  *See Doe v. Cates*, 499 A.2d 1175, 1881 (Del. 1985).  No such consent exists here.  *See also* 10 *Del. C.* § 4001 (providing for absolute tort immunity for judges).

### V.    EVEN IF THE COMPLAINT COULD PROCEED AGAINST THE STATE OF DELAWARE IT WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Plaintiff's complaint asserts that the State erred by wrongfully terminating his paternity right to KT. (Complaint).  In the State of Delaware "the mother of a child and the man claiming to be the genetic father of the child may sign an acknowledgement of paternity with intent to establish the man's paternity." 13 *Del. C.* § 8-301.  "[A] challenge

to this acknowledgement is "permitted only under limited circumstances and is barred after 2 years." 13 *Del. C.* § 8-302(a)(5). See also, 13 *Del. C.* § 8-609(b). Thus, even if the plaintiff sought to challenge the execution of a Voluntary Acknowledgement of Paternity he is barred by the applicable statute of limitations.

The District Court must dismiss Plaintiff's complaint because the District Court does not have subject matter jurisdiction over a time barred complaint.

## <u>CONCLUSION</u>

Even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against the State of Delaware upon which relief could be granted. For the foregoing reasons, the State of Delaware respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


<u>/s/ Linda M. Carmichael</u>
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the State of Delaware

DATED:  November 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2007, I electronically filed the State of

Delaware's Opening Brief in Support of Its Motion to Dismiss the Complaint with the

Clerk of the Court using CM/ECF.  In addition, I caused the attached to be mailed via

first class mail to:

Martin Brown
2458 Hickman Road
Greenwood, DE  19950
Via first class mail

By: /s/ Linda M. Carmichael
Linda M. Carmichael I.D. #3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
linda.carmichael@state.de.us
Attorney for the State of Delaware