## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MARTIN BROWN,                          :
                                       :
                    Plaintiff,         :
                                       :
      v.                               :      C.A. No. 07-617-***-LPS
                                       :
STATE OF DELAWARE,                     :
                                       :
                    Defendant.         :

## ORDER

At Wilmington this 3rd day of **December, 2007.**

IT IS ORDERED that a Rule 16 scheduling teleconference has been

scheduled for **January 8, 2008 at 11:00 a.m.** with Magistrate Judge Stark.

**Defendant's counsel shall initiate the teleconference call to 302-573-4573.**

Attached to this Order is a draft copy of the Magistrate Judge's Rule 16 Scheduling

Order and Final Pretrial and Trial Management Order.  Counsel shall confer regarding

proposed dates in the scheduling order and shall submit their proposal no later than

**three (3) business days** before the teleconference.

During the teleconference, counsel should be prepared to confirm that

they have discussed with their client(s) the possibility of consenting to magistrate judge

jurisdiction pursuant to 28 U.S.C. § 636.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

UNITED STATES MAGISTRATE JUDGE

**DRAFT**

<u>**SCHEDULING ORDER**</u>

This _____ day of _____, 200_, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 200_, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.     <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before _____, 200_.

3.     <u>Discovery</u>.

a.     <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of ____ hours of taking testimony by deposition upon oral examination.

b.     <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated

within this district.  Exceptions to this general rule may be made by order of the Court.

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff

shall be considered as having filed an action in this Court for the purpose of this

provision.

      c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so

that it will be completed on or before _____, 200_.  The Court encourages the

parties to serve and respond to contention interrogatories early in the case.  Unless

otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1

shall be strictly observed.

      d.    <u>Disclosure of Expert Testimony</u>.  For the party who has the initial

burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of

expert testimony is due on or before _____, 200_.  The supplemental disclosure

to contradict or rebut evidence on the same matter identified by another party is due on

or before _____, 200_.  Along with the submissions of the expert reports, the

parties shall advise of the dates and times of their experts' availability for deposition.

      e.    To the extent any objection to expert testimony is made pursuant to

the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993),

as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than the deadline for dispositive motions set forth herein, unless otherwise ordered by

the Court.

      f.    <u>Discovery Matters</u>.  Should counsel find they are unable to resolve

a discovery matter, the parties involved in the discovery matter(s) shall contact

chambers at (302) 573-4571 to schedule a telephone conference.  Not less than forty-

eight (48) hours prior to the conference, the party seeking relief shall file with the Court

a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on

those issues.  Not less than twenty-four (24) hours prior to the conference, any party

opposing the application for relief may file a letter, not to exceed three (3) pages,

outlining that party's reasons for its opposition.  Should any document(s) be filed under

seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within

one (1) hour of e-filing the document(s).  Should the Court find further briefing

necessary upon conclusion of the telephone conference, the Court will order it.

Disputes over protective orders or motions for extension of time for briefing case

dispositive motions which are related to discovery matters are to be addressed in the

first instance in accordance with this paragraph.

       4.   <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions

for the disclosure of confidential information, counsel should confer and attempt to

reach an agreement on a proposed form of order and submit it to the Court within ten

days from the date of this Order.  Should counsel be unable to reach an agreement on a

proposed form of order, the counsel must first follow the provisions of Paragraph 3(f)

above.

       Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the
> disclosure of information in this case, the Court does not
> intend to preclude another court from finding that information
> may be relevant and subject to disclosure in another case.
> Any person or party subject to this order who becomes
> subject to a motion to disclose another party's information
> designated "confidential" [the parties should list any other

level of designation, such as "highly confidential," which may
be provided for in the protective order] pursuant to this order
shall promptly notify that party of the motion so that the party
may have an opportunity to appear and be heard on whether
that information should be disclosed.

5.      Papers Filed Under Seal.  When filing papers under seal, counsel should

deliver to the Clerk an original and one copy of the papers.

6.      ADR Process.  This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

7.      Interim Status Report.  On _____, 200_, counsel shall submit a

letter to the Court with an interim report on the nature of the matters in issue and the

progress of discovery to date.

8.      Status Conference.  On _____, 200_, the Court will hold a Rule

16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m.

Plaintiff's counsel shall initiate the telephone call.  At the time of this conference,

counsel shall also be prepared to discuss the progress, if any, of settlement discussions

and shall be prepared to discuss the possibility of setting up a settlement conference

with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the

interim status report or to this order, they shall notify the Court in writing before the

conference is scheduled to occur, and the conference will be taken off of the Court's

calendar.

9.      Case Dispositive Motions.  All case dispositive motions, an opening brief,

and affidavits, if any, in support of the motion shall be served and filed on or before

_____, 200_.  Briefing will be presented pursuant to the Court's Local Rules.

4

10.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    Pretrial Conference.  On _____, 200_, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ _.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

12.    Motions in Limine.  Motions in limine shall not be separately filed.  All in limine requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five in limine requests, unless otherwise permitted by the Court.  The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

13.    Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is

to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.    <u>Trial</u>.  This matter is scheduled for a _____ day _____ trial beginning at 9:30 a.m. on _____, 200_ with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ____ hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

**DRAFT**

## <u>FINAL PRETRIAL and TRIAL MANAGEMENT ORDER</u>

Pursuant to Fed.R.Civ.P. 16 and unless otherwise ordered by the court,

IT IS ORDERED as follows:

1. <u>Pretrial Conference and Pretrial Order:</u>  The Scheduling Order in this case and Local Rule 16 establish the procedures for preparing, exchanging and filing a draft of the proposed pretrial order. The final pretrial order operates as the blueprint for trial. Therefore, the court will use the final pretrial order in ruling on objections during trial, including objections to arguments and to the relevance and admissibility of evidence.

a. <u>General Information</u>: Names, addresses and telephone numbers of counsel for the parties, a brief description of the nature of the action involved (e.g., breach of contract, patent, personal injury) and the basis for the jurisdiction of the court, including cites of the applicable statutes are to be included in the draft order.

b. <u>Uncontested Facts</u>: Included in the draft order is a comprehensive stipulation or statement of all uncontested facts, which will be part of the evidentiary record of the case and may be read to the jury by the court or any party.  Counsel for plaintiff and for any counter-, cross- or third-party complainant is responsible for preparing the initial draft of the proposed stipulation or statement dealing with the allegations in their respective party's complaint.  If the admissibility of any uncontested fact is challenged, the party objecting and the basis for the objection must be provided.

c. <u>Issues of Fact and Expected Proof</u>: Under Local Rules 16.4(d)(4),(8),(9) and (10), each party is required to identify the facts in issue, with a brief statement of what it intends to prove in support of its claims and defenses.  These

summaries should be sufficient to identify for the court the essential facts in issue and to fairly notify the other parties of what counsel expects to prove at trial.  The court will use these sections in the final pretrial order and the jury instructions in ruling on relevance and admissibility of evidence.  Where a party has served contention interrogatories, the responding party will not be allowed to include in the final pretrial order new issues or new facts not fairly disclosed in the answers to those interrogatories.

   d. <u>Issues of Law</u>: Pursuant to Local Rule 16.4(d)(5), the court will preclude a party from seeking relief based on claims and defenses not described in the draft pretrial order.  Counsel will stipulate to those claims and defenses waived by any party.

   e. <u>Witnesses</u>: In addition to the requirements under Local Rule 16.4(d)(7), during the pretrial conference, the court will review with counsel the trial schedule for witnesses, any request to sequester witnesses, whether or not certain witnesses may need to be subpoenaed and the expected scope of direct and cross examination for witnesses who may be called by more than one party.  Any witness not listed will be precluded from testifying absent good cause shown, except that each party may reserve the right to call rebuttal witnesses who are not presently identifiable, as may be necessary.

   Any objection to a witness will briefly state the basis for the objection and where applicable, include the supporting Fed. R. Evid.

   f. <u>Opinion Testimony</u>: Included in the draft order, in addition to the provisions of Local Rule 16.4.(d)(7) and 1(e) of this Order, will be a brief summary of the opinions to be offered by any witness to be called to offer opinion testimony.  Regarding

2

experts, either a stipulation or statement setting forth the expert's qualifications in a form that can be read to the jury will also be included.  The court prefers to limit the number of expert witnesses to one expert for each subject matter for each party, unless good cause is shown.

        g.  <u>Exhibits</u>:  Except for rebuttal exhibits and in addition to the provisions of Local Rule 16.4(d)(6), the list of exhibits to be offered by each party at trial will contain the identification number of the exhibit. Included in each party's exhibit list will be a description of the demonstrative evidence or experiments that the party intends to use at trial.   Exhibits not listed will not be admitted unless good cause is shown. Cumulative documents will be omitted.  Duplicate exhibits will not be scheduled by different parties, but may be offered as joint exhibits. All parties will stipulate to the authenticity of the exhibits, or shall identify those that have not been stipulated to with the specific reasons for the failure to so stipulate. Copies of exhibits shall be made available to opposing counsel prior to the pretrial conference.

       Any objection to and any response to an objection to an exhibit will provide the identification number and otherwise be consistent with the requirements of Local Rule 16.4(d)(6).  Exhibits not objected to will be received into evidence by the operation of this order and the final pretrial order without the need for additional foundation testimony.

       On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party, and shall also deliver to chambers a bench book of exhibits.  In non-jury trials, two bench books of exhibits will be delivered to chambers and counsel are encouraged for such trials to mark their exhibits in

chronological order.

      h.  <u>Depositions</u>: Counsel should confer prior to the pretrial conference to determine which testimony will be offered by deposition (including video tape depositions), to agree on the designation of those portions of the depositions to be offered into evidence, and to identify objections.  If there are objections that will need to be resolved, counsel will submit the transcript and a summary of the objections with the draft pretrial order.  Any video tape deposition to which an objection is raised will be made available to the court to review during the pretrial conference.  Upon a showing of good cause, objections not previously raised to a video tape deposition will be handled pursuant to Local Rule 30.4(e). Video tape depositions will otherwise be handled at trial consistent with Local Rule 30.4(d).

      All irrelevant and redundant material including colloquy between counsel will be eliminated when the deposition is read or viewed at trial.

      i.  <u>Motions in Limine</u>: Motions in limine **shall not** be separately filed.  Any in limine requests, as limited by the Scheduling Order, shall be set forth, with citations to authorities and brief argument, in the Proposed Pretrial Order.  Briefing shall not be submitted with in limine requests, unless otherwise permitted by the Court.  If the motion relates to the admissibility of documents, copies of those documents should be provided to the court during the pretrial conference.

      j.  <u>Voir Dire [for jury trials]</u>: In additional to Local Rule 47.1, the scheduling order in this case provides for the filing time and obligations of counsel regarding voir dire.  The court will not ask voir dire that is not filed pursuant to that order.  In preparing and filing proposed voir dire, no more than ten questions, including those jointly

submitted, for each party will be considered during the pretrial conference.  The court

will ask questions as contained on the Court's website.  Those questions are not

included in the number limitation herein.

k.  Jury Instructions [for jury trials]: In addition to Local Rule 51.1, the

Scheduling Order in this case provides for the filing time and obligations of counsel

regarding the jury instructions.  All instructions and objections will include supporting

authorities.  Such supporting authorities may include appropriate and applicable

standardized jury instructions from other jurisdictions and the Superior Court of the

State of Delaware. The failure to comply with this Order, Local Rule 51.1 and the

Scheduling Order in this case relating to this rule will be treated by the court as a waiver

of a claim for relief.

Any requests for supplemental instructions during trial or at the close of evidence

will be considered by the court on the basis of whether the proposed instruction could

have been reasonably anticipated at the time of the final pretrial conference.

l.  Verdict Form [for jury trials]: In addition to Local Rule 51.1(c), the

Scheduling Order in this case provides for the filing time and obligations of counsel

regarding the verdict form or special interrogatories.

In addition to providing a courtesy copy to Chambers of the proposed joint jury

instructions, voir dire and verdict form or special interrogatories, plaintiff's counsel will

provide the court on diskette these documents.

Counsel for plaintiff will prepare unmarked original sets of joint jury instructions

and verdict  forms or special interrogatories to the court for use by the jury during

deliberations.

5

m. <u>Damages</u>: In addition to the requirements under Local Rule 16.4(d)(8), an itemized statement of special damages will be included in the draft pretrial order.

n. <u>Non-Jury trial</u>: If the parties desire a detailed opinion from the court post-trial, counsel should include a proposed post-trial briefing schedule in the draft pretrial order.  In their initial briefs, each party shall provide proposed *Findings of Fact and Conclusions of Law*.  These shall be separately stated in numbered paragraphs. The Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove in a simple narrative form.  The Conclusions of Law should contain concise statements, with supporting citations, of the legal theories propounded by counsel.

o. <u>Settlement status</u>: In addition to the provisions of Local Rule 16.4(d)(12),  counsel should be prepared to discuss the status of settlement negotiations and whether court assistance in the settlement efforts would be helpful.

p. <u>Other</u>: Included in the draft pretrial order will be a statement that each party has completed discovery, including the depositions of expert witnesses, unless the court has previously ordered otherwise. In the rare event that discovery has not been completed, counsel shall identify the discovery remaining and the date on which it will be completed in the draft pretrial order.

2. <u>Trial Procedures</u>

a. <u>Trial Schedule</u>: Unless otherwise ordered by the court, the usual trial schedule will be from 9:00 a.m. to 4:30 p.m.  The first day will be from 9:30 a.m. to 4:30 pm.  The Courtroom Deputy will keep a running total of trial time used by counsel. Opening and closing statements will be included in the total.  For depositions, time will

be allocated according to the lines of testimony designed by each party.  Counsel should confirm with the Courtroom Deputy the allotted time used by counsel at the close of each trial day and immediately advise the Court of any discrepancies.

b.  <u>Jury Note Taking and Notebooks</u>: For a jury trial, the court will provide jurors with pens/pencils and pads.  Counsel are encouraged to prepared notebooks of key exhibits for each juror.  Unless otherwise agreed to by counsel or ordered by the court, no documents should be included in a notebook provided to a juror until that document has been admitted into evidence.

c.  <u>Preliminary Instructions</u>: For a jury trial, the court will give preliminary jury instructions prior to the opening statements.

d.  <u>Use of Lectern</u>: The court prefers counsel to present the opening statement, conduct examination of witnesses and make the closing argument from the lectern.

e.  <u>Opening Statement</u>: Opening statement is not an argument.  Counsel may object to an improper opening statement.

f.  <u>Order of Proof</u>: The presentation of evidence will usually follow the pleadings and burden of proof.  This means that typically plaintiff will go first on those issues for which it has the burden.  Defendant will answer those issues and open as to the issues for which it has the burden.  Plaintiff may reply on its claim for relief and answer defendant's claims.  Defendant may then reply regarding its claims.  The reply by either party will be limited to matters it could not have anticipated at the time it opened.

g.  <u>Examination of Witnesses</u>: Examination of witnesses will usually be

7

limited to direct, cross examination and re-direct.  Cross examination will be limited to matters covered in direct and impeachment.  Re-direct will be limited to matters covered in cross examination.

       h.  Objections and Side Bar: Counsel should expect that there will not be side bar conferences during trial.  In a jury trial, to the extent that counsel can anticipate an evidentiary objection, the matter should be brought to the court's attention during a break **before** the evidence is offered.  In arguing that evidence is admissible, counsel should be prepared to identify: 1) the matter in issue, 2) the fact of consequence to the determination of that issue, and 3) how this evidence affects the probability of that fact. During trial, counsel should object by standing, announcing the objection and identifying the rule of evidence in support of the objection.  Arguing objections in front of the jury or the witness will be avoided.

       i.  Transition Statements: Counsel are encouraged to make brief transitional statements,  in the nature of an opening statement, to the jury or the court in a bench trial.

       j.  Opinion Testimony: Counsel will not ask the court in the presence of the jury to a finding of whether a witness qualified to offer an opinion.

       k.  Demonstrative Exhibits: Unless otherwise agreed to by the parties, demonstrative exhibits are marked for identification but not admitted into evidence.

       l.  Testimony by Deposition: Unless otherwise agreed to by the parties, designated portions of deposition transcripts are read in order from the beginning of the transcript to the end, except that in a bench trial, such transcripts need not be read to the court.

   m. <u>Instructions</u>: The court will read the final instructions to the jury before closing argument.

   n. <u>Closing Arguments</u>: During closing arguments, counsel may prepare and submit to the jury examples of how the verdict form should be filled out.


              _____

              UNITED STATES MAGISTRATE JUDGE

Dated: