# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-617-SLR |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this  $l^{th}$  day of July, 2008, having reviewed defendant's motion to dismiss and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 7) is granted, for the reasons that follow:

1. **Introduction.** On October 9, 2007, Martin Brown ("plaintiff"), proceeding pro se, filed this action against defendant State of Delaware ("defendant"), alleging Fourteenth Amendment due process violations presumably pursuant to 42 U.S.C. § 1983. (D.I. 1) Plaintiff's contentions arise from a 1994 paternity case to which he was not a party. The case resulted in plaintiff's alleged paternity rights being terminated in accordance with 13 Del. C. § 8-301 et. seq. ("Voluntary Acknowledgment of Paternity Act"). (Id. at 1) Plaintiff asserts, on several grounds, that he was not afforded due process at the time of hearing or in his attempts to challenge the outcome of the hearing. (Id. at 2) The main purpose of plaintiff's complaint is to obtain a copy of the documents from the adoption hearing resulting in the termination of his potential paternal rights. Plaintiff additionally seeks a formal public apology from defendant, and

a minimum of $1,000,000 for each year that he has been unable to obtain partial custody of his child. (Id. at 3) Currently before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (D.I. 7)

2. **Background.**[1] Plaintiff believes that in 1993 he fathered a child. At the time of the child's birth, plaintiff's name was not placed on the birth certificate. In 1994 a different man came forward and, with the consent of the mother, legally adopted the child pursuant to the Voluntary Acknowledgment of Paternity Act. (D.I. 1 at 1) Plaintiff claims that he has been attempting to gain partial custody of the child since 1993, although nothing in the record before this court indicates a legal effort on plaintiff's part until September 9, 2007. At that time, one month prior to filing this action, plaintiff filed a petition for injunctive relief with The Family Court of the State of Delaware (the "Family Court"). (D.I. 10) Plaintiff's petition there sought a copy of all records from the adoption proceeding and removal from the birth certificate of the name of the man who adopted the child. (Id.) It was plaintiff's goal to use the copy of the records in an ongoing paternity claim in the State of Maryland regarding the same child. (D.I. 1 at 2) The Family Court petition was originally filed against several state agencies. The Family Court viewed it as a paternity claim and designated the mother of the child to be the primary respondent. (Id.; D.I. 10) The case was dismissed without prejudice on

_____

[1]Plaintiff has not been in communication with this court since filing his complaint and opening brief. Plaintiff has also failed to comply with this court's scheduling order that set May 29, 2008, as the response deadline for defendant's motion to dismiss. (D.I. 15) As of the date of this order, plaintiff has not responded to defendant's motion. Defendant, however, contends that "even assuming all facts alleged in Plaintiff's complaint (D.I. No. 1) and Opening Brief (D.I. No. 2) as true, he fails to state a claim upon which this Court has jurisdiction or a claim upon which relief can be granted." (D.I. 8 at 4)

October 18, 2007, nine days after plaintiff filed the action before this court.[2]  Plaintiff

then invoked the jurisdiction of this court, under the framework of a constitutional claim,

seeking similar injunctive relief with respect to the adoption records and an additional

monetary award.  (D.I. 1 at 3)

3. **Standard of review.** Not only may the lack of subject matter jurisdiction be

raised at any time, it cannot be waived and the court is obliged to address the issue on

its own motion.  See Moodie v. Fed. Reserve Bank of NY, 58 F.3d 879, 882 (2d Cir.

1995).  Once jurisdiction is challenged, the party asserting subject matter jurisdiction

has the burden of proving its existence.  See Carpet Group Int'l v. Oriental Rug

Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).

4. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court's

jurisdiction may be challenged either facially (based on the legal sufficiency of the

claim) or factually (based on the sufficiency of jurisdictional fact).  See 2 James W.

Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997).  Under a facial challenge to

jurisdiction, the court must accept as true the allegations contained in the complaint.

See Id.  Dismissal for a facial challenge to jurisdiction is "proper only when the claim

'clearly appears to be immaterial and made solely for the purpose of obtaining

jurisdiction or . . . is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor,

Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682

---

[2]The dismissal was the result of an inability to serve the primary respondent, the
child's mother, at the address provided by plaintiff.  Plaintiff had ninety days to provide
the Family Court with a residence or employment address within the State of Delaware
for the respondent, or the case would be dismissed with prejudice.  (D.I. 10)  At the time
this motion was filed by defendant, the ninety days had not elapsed and nothing in the
record since then indicates the ultimate outcome of the proceeding.

3

(1946)).

    5. Under a factual attack, however, the court is not "confine[d] to allegations in the . . . complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group, 227 F.3d at 69 (quoting Mortensen, 549 F.2d at 891). Although the court should determine subject matter jurisdiction at the outset of a case, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation." 2 Moore § 12.30[1]. Rather, a party may first establish jurisdiction "by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection)." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 537-38 (1995) (citations omitted).

    6. **Discussion.** Defendant argues that the statute of limitations bars this court from having subject matter jurisdiction over plaintiff's complaint. The due process violations alleged by plaintiff stem from the termination of plaintiff's possible paternity rights. This occurred as a result of a Family Court hearing pursuant to the Voluntary Acknowledgment of Paternity Act. The Voluntary Acknowledgment of Paternity Act states that "a challenge to the acknowledgment is permitted only under limited

4

circumstances and is barred after 2 years." 13 Del. C. § 8-302(a)(5). See also, 13 Del.

C. § 8-609(b)[3]. Here the paternity hearing occurred sometime in 1994. This would

have given plaintiff the opportunity to file a valid challenge until sometime in 1996. The

present action before the court was not filed until September 7, 2007, some ten to

eleven years after the statute of limitations had expired. Therefore, plaintiff's claims

stemming from the adoption hearing, including the public apology and the monetary

relief sought, are time-barred and should be dismissed.

7. As plaintiff's claim can be construed as one against the Family Court,

defendant argues that the complaint must be dismissed according to the doctrine of

absolute judicial immunity. (D.I. 8 at 10) Dating as far back as 1871, it has been a well-

settled principle that judges are generally immune from suit. Bradley v. Fisher, 80 U.S.

335, 347 (1871). In Bradley, the court stated that

 it is a general principle of the highest importance to the proper
 administration of justice that a judicial officer, in exercising the authority
 vested in him, shall be free to act upon his own convictions, without
 apprehension of personal consequence to himself. Liability to answer to
 every one who might feel himself aggrieved by the action of the judge,
 would be inconsistent with the possession of this freedom, and would
 destroy that independence without which no judiciary can be either
 respectable or useful.

Id. This absolute immunity protects judges not only from damage awards but from

facing suit. Immunity applies even when a judge's actions are taken in error, done

maliciously, or in excess of his authority. Stump v. Sparkman, 435 U.S. 349, 356

---

[3]"If a child has an acknowledged father or an adjudicated father, an individual
who is neither a signatory to the acknowledgment of paternity nor a party to the
adjudication and who seeks an adjudication of paternity of the child must commence a
proceeding no later than 2 years after the effective date of the acknowledgment or
adjudication."

5

(1978). Immunity does not attach to acts "taken in complete absence of jurisdiction," or for those acts that are not of a judicial nature. Id.

8. Here, it is clear from plaintiff's complaint that the relief he seeks stems from the proceeding and outcome of the Family Court Voluntary Acknowledgment of Paternity hearing. The Family Court has sole jurisdiction over paternity claims within the State of Delaware pursuant to 10 Del. C. § 921(3). Rulings on paternity claims qualify as acts normally performed by Family Court judges in their judicial capacity. Therefore, the actions of the court in question do not fall under either of the exceptions to immunity. To the extent that plaintiff's claim may be construed as one against the Family Court, it must be dismissed.

9. Defendant argues that plaintiff's complaint is barred by the Rooker-Feldman Doctrine because it is, in essence, a challenge to both the Family Court's ruling in the Voluntary Acknowledgment of Paternity adoption hearing and the Family Court's dismissal of plaintiff's petition for injunction. (D.I. 8 at 7) In some circumstances, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication. Turner v. Secretary of U.S. Dep't Housing and Urban Dev., 449 F.3d 536, 547 (3d Cir. 2006). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. V. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

10. In the case at bar, plaintiff makes claims related to the recent Family Court hearing. Plaintiff's second item of relief sought is the release of all records from the

6

Case 1:07-cv-00617-SLR   Document 16   Filed 07/01/2008   Page 7 of 7

initial Voluntary Acknowledgment of Paternity Hearing. (D.I. 1 at 3) Plaintiff asks this court to grant him relief that is an unavailable remedy under state law. 13 Del. C. § 8-313 [4]. Plaintiff filed a petition for injunction with the Family Court on September 7, 2007, seeking the very same relief. (D.I. 10) The Family Court ultimately dismissed plaintiff's petition. (Id.) To grant plaintiff's relief, this court would be forced to review the Family Court's dismissal and reject its disposition of the matter. As such, the Rooker-Feldman doctrine applies precluding federal jurisdiction.

11. Defendant also raises an Eleventh Amendment immunity argument. The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and a State may not be sued by one of its own citizens unless the State waives its immunity. See Pennhurst State School & Hosp. V. Halderman, 465 U.S. 89, 98-100 (1984). No such waiver exists here. Moreover, a State is not a "person" subject to claims under 42 U.S.C. § 1983. (Will v. Mich. Dep't of State Police, 491 U.S. 58,71 (1989). As such, Eleventh Amendment immunity serves as grounds for dismissal of the request for damages.

12. **Conclusion.** For the reasons stated, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

United States District Judge

---

[4]"The Division of Child Support Enforcement may release information relating to acknowledgment of paternity or denial of paternity to a signatory of the acknowledgment or denial and to courts and agencies authorized by other laws of this State or another state to receive the information of this or another state." Plaintiff qualifies as neither the signatory of acknowledgment or denial as he was not even a party to the adoption hearing.

7